a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARVELL ANTONIO CULP, Plaintiff | CIVIL ACTION NO. 1:16-CV-1680-P |
| VERSUS | CHIEF JUDGE DRELL |
| UNITED STATES OF AMERICA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the complaint of pro se Plaintiff Marvell Antonio Culp ("Culp") (#24896-076), filed under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics.[1] Culp is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"). Culp complains about the medical care he received for a fractured wrist. He names the United States as Defendant. (Doc. 1, p. 3).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I. <u>Background</u>

Culp previously filed suit in this Court against the United States and medical personnel at FCI-Pollock. (1:16-cv-1267). The <u>Bivens</u> claim against the individual defendants was dismissed with prejudice. (1:16-cv-1267, Doc. 15). The United States was added as the sole defendant, and the Court ordered service of Culp's Federal Tort Claims Act ("FTCA") claim. (1:16-cv-1267, Docs. 15, 16). The United States Attorney was served on January 20, 2017. (1:16-cv-1267, Doc. 18).

On Culp's complaint form in this case, Culp reports that his previous lawsuit was dismissed. (Doc. 1, pp. 1-2). Culp is mistaken. Only the <u>Bivens</u> portion of Culp's suit was dismissed.

II. <u>Law and Analysis</u>

    A. <u>Culp's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Culp is a federal inmate who has been allowed to proceed *in forma pauperis*. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Culp's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Culp's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B.  Culp's complaint is duplicative.

In his current lawsuit, Culp presents the same claim against the United States that was raised in his prior civil suit. In the prior suit, the Court added the United States as a defendant and ordered service of the FTCA claim. Thus, Culp's current suit is duplicative. A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Culp's complaint be DENIED and DISMISSED under §§ 1915(e)(2) and 1915A, without prejudice to the prosecution of Culp's FTCA claim in the currently pending suit, 1:16-cv-1267.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as

supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of February, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge